[No. B197023. Second Dist., Div. Six. Feb. 20, 2008.]

In re REYNALDO CORONA on Habeas Corpus.

**COUNSEL**

Lascher & Lascher, Wendy C. Lascher, Alfred Vargas and Eric R. Reed for Petitioner Reynaldo Corona.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, John G. McLean and Janet E. Neeley, Deputy Attorneys General, for Respondent the People.

**OPINION**

**COFFEE, J.**—In this People's appeal, the State of California seeks to require a parolee to waive his right to confidentiality of the psychotherapist-patient privilege. Respondent Reynaldo Corona was informed by his parole officer that he must sign a waiver of the privilege to allow his privately retained psychotherapist to communicate with the parole authority.

Corona filed a petition for a writ of habeas corpus with the superior court, which granted the requested relief. The People appealed. We conclude that the waiver requirement is an unreasonable condition of parole and affirm.

FACTS

In September 2005, we affirmed Corona's conviction by plea of two counts of committing a lewd act upon a child 14 or 15 years of age. (Pen. Code,

§ 288, subd. (c)(1).) (*People v. Corona* (Sept. 22, 2005, B178118) [nonpub. opn.].) His conviction stemmed from the molestation of his two stepdaughters, which occurred over a period of several years. He molested one of the victims from ages 14 to 18 and the other victim from ages 12 to 15. The molestations consisted primarily of fondling and digital penetration. Corona was sentenced to three years eight months in state prison.

Corona was released on parole on May 5, 2006. He agreed to special conditions of parole, which included the following provisions regarding treatment:

"1. You shall attend Parole Outpatient Clinic (POC) for an initial evaluation and remain in that treatment program as directed by your POC clinician and parole agent.

"2. You shall actively participate in any programs specific to your criminal offense history or behavior, as directed by your parole agent.

"3. You shall participate in a psychiatric treatment program as approved by your parole agent.

"4. You shall actively participate in any programs specific to the High Risk Sexual Offender/High Control/Sexual Habitual Offender/Sexually Violent Predator Program as directed by P&CSD [Parole and Community Services Division].

"5. You must submit to any psychological or physiological assessment to assist in treatment planning and/or parole supervision due to CCCMS [Correctional Clinical Case Management Services] or EOP [Enhanced Outpatient Program] status."

Corona asserts that he is in full compliance with his parole conditions and has been participating in monthly therapy sessions as directed by his parole officer. Corona has also entered therapy with a private psychotherapist who specializes in the treatment of sex offenders. He indicated that he "undertook this at [his] own expense to understand [his] offense and to eliminate any possibility of future difficulties."

In approximately November 2006, Corona's parole officer, Reynaldo Trevino, asked him to sign a waiver so that his private therapist could reveal the content of his therapy to Trevino. Corona stated that Trevino informed him that he would need to sign the waiver if he wished to continue seeing his private therapist.

Corona filed a petition for habeas corpus in superior court against California's Department of Corrections and Rehabilitation, Division of Adult Parole Operations. The habeas corpus hearing was held on January 17, 2006.[1] Corona's attorney indicated that Corona was unwilling to waive the psychotherapist-patient privilege. The trial court ruled that ". . . on the . . . issue of disclosure of his private psychotherapist, I am going to prohibit that. I am aware that one of his conditions of parole is that he has to submit to required psychotherapy that I assume is monitorable [*sic*] and is under the control of Parole . . . , but I think it would be against public policy to prohibit him from seeking private counsel and being able to disclose to them in a confidential manner the things in his life that may be needing to really be addressed if he's going to get over this problem. So I'm going to prohibit that." On February 21, 2007, the People filed a notice of appeal.

## DISCUSSION

The People argue that Corona agreed to the waiver when he agreed to the special condition of parole to "actively participate in any programs specific to the High Risk Sexual Offender/High Control/Sexual Habitual Offender/Sexually Violent Predator Program." They acknowledge that Corona agreed to a waiver of the psychotherapist-patient privilege for the state-reimbursed group therapy program, which is a required part of his supervision. They claim, however, that such a waiver is also required for his private psychotherapy because Corona may "choose to reveal information in his private therapy which he withholds from the group therapist." At the outset, we note that the provision that the People cite requires participation in certain programs for high risk sexual offenders. It does not prohibit participation in private therapy.

The high risk sexual offender program was authorized by Penal Code former section 3005 (now § 3008) and operates under the containment model. Under this section, the parole department is authorized to implement relapse prevention treatment programs to reduce recidivism. (*Id.*, subd. (b).) The People describe the program as placing sex offenders in the community while monitoring them intensively and adjusting supervision in light of new information about risk.

The People contend that, to properly supervise the offender, the parole officer must be able to "communicate generally" with a private therapist

---

[1] The habeas corpus petition also requested relief from the directive of Parole Officer Trevino that Corona wear a GPS (global positioning system) monitoring device. The trial court denied relief. Corona filed a request for an emergency stay and a petition for habeas corpus with this court on January 17, 2007, which we summarily denied. (*Corona v. Superior Court* (Jan. 18, 2007, B196107) (petn. den. by order).)

about "changes which require adjustments in the supervision plan." They suggest that the psychotherapist need not share "detailed information" about disclosures made in therapy, but the therapist must communicate "enough information" to the treatment team to inform it if disclosures are made "which indicate an elevated risk to the public." This would include information regarding stressors in the offender's life, such as a divorce or job loss, that might prompt reoffense. The People claim that this information would allow the treatment team to more closely supervise the offender until the life stressor has passed.

The People assert that there are certain risks inherent in private therapy because an offender might disclose matters to a private therapist that he would withhold from a state-funded therapist. By way of example, the People suggest that an offender may reveal in therapy that he has violated parole conditions by obtaining erotic material or visiting a playground, factors that might indicate a risk of reoffense. The People allege that allowing the communication to remain confidential might permit an offender to disclose that he has committed another sex offense, yet his conduct would go unreported.

While acknowledging that Corona may have a right to refuse to sign the waiver, the People assert that they have a right to revoke his parole for "failure to comply with an important component of the intensive, specialized sex offender program specified by Penal Code section 3005."

*Imposition of Parole Condition*

On review from the granting of a writ of habeas corpus, we apply the substantial evidence test to pure questions of fact and independently review questions of law. (*In re Collins* (2001) 86 Cal.App.4th 1176, 1181 [104 Cal.Rptr.2d 108].) "[W]hen the application of law to fact is predominantly legal, such as when it implicates constitutional rights and the exercise of judgment about the values underlying legal principles, this court's review is de novo." (*Ibid.*)

 "The parolee has been released from prison based on an evaluation that he shows reasonable promise of being able to return to society and function as a responsible, self-reliant person." (*Morrissey v. Brewer* (1972) 408 U.S. 471, 482 [33 L.Ed.2d 484, 92 S.Ct. 2593].) "Society has a stake in whatever may be the chance of restoring him to normal and useful life within the law." (*Id.* at p. 484.) Nevertheless, the parolee's commission of a crime "justifies imposing extensive restrictions on the individual's liberty." (*Id.* at p. 483.) The state may impose any condition reasonably related to parole supervision. (Pen. Code, § 3053, subd. (a).)

"There are, however, limits upon the parole authority's imposition of restrictions. Parole conditions, like conditions of probation, must be reasonable since parolees retain 'constitutional protection against arbitrary [and] oppressive official action.' [Citation.] Conditions of parole must be reasonably related to the compelling state interest of fostering a law-abiding lifestyle in the parolee. [Citation.] Thus, a condition that bars lawful activity will be upheld only if the prohibited conduct either 1) has a relationship to the crime of which the offender was convicted, or 2) is reasonably related to deter future criminality. [Citation.]" (*In re Stevens* (2004) 119 Cal.App.4th 1228, 1234 [15 Cal.Rptr.3d 168].)

We addressed a situation somewhat akin to the instant case in *In re Stevens*. There, a sex offender had pleaded guilty to lewd conduct inflicted upon a child under age 14. A parole condition was imposed prohibiting him from using the computer or Internet. He filed a petition for a writ of habeas corpus, objecting to the parole condition because his offense had not involved the use of computers. The trial court denied the petition, and he appealed. We concluded that the special condition bore no relationship to his child molestation conviction and it imposed a greater restriction of his rights than was reasonably necessary to accomplish the state's legitimate goal. (*In re Stevens, supra,* 119 Cal.App.4th at p. 1239.)

 Here, Corona was convicted of committing a lewd act upon a child. He entered into private psychotherapy, in addition to the therapy required by the parole authority. This would seem to be something for which he should be credited, rather than penalized. The People have not identified a nefarious reason for Corona's decision to engage in additional therapy.

While psychotherapy bears no relationship to the *commission* of Corona's crime, it is related to the requirement of treatment imposed by the parole department. However, the department's demand for a waiver has the reverse effect—to discourage a parolee from obtaining additional treatment. It is clearly contrary to the state's goal of reintegrating the parolee into society. The asserted special parole condition is unreasonable and unnecessary. The People's speculations about what Corona might reveal or withhold in private therapy are irrelevant to our analysis.

 We find disturbing the People's assertion that they may revoke parole if Corona refuses to sign the waiver. This implicates his constitutional right to due process. (*Morrissey v. Brewer, supra,* 408 U.S. at p. 481; *People v. Arreola* (1994) 7 Cal.4th 1144, 1152 [31 Cal.Rptr.2d 631, 875 P.2d 736].) Before parole may be revoked, there must be an appropriate determination that the individual has breached a parole condition. (*Morrissey,* at pp. 483–484.)

*Evidence Code Section 1012*

Evidence Code section 1012 defines the nature of the psychotherapist-patient privilege, and Evidence Code section 1024 provides an exception to the privilege when a psychotherapist believes the patient to be dangerous to himself or another. Relying on these statutes, the People claim they are authorized to require a waiver from Corona. There is nothing in the statutory language that lends itself to such an interpretation. Moreover, it is well established that a therapist has a duty to warn the intended victim, police, or others if he or she determines that a patient presents a serious danger of violence to another. (*Tarasoff v. Regents of University of California* (1976) 17 Cal.3d 425, 431 [131 Cal.Rptr. 14, 551 P.2d 334].) If Corona's private psychotherapist has cause to believe he presents a danger to another, the therapist is obligated to disclose this information.

The order of the trial court is affirmed.

Yegan, Acting P. J., and Perren, J., concurred.